PEOPLE, PLAINTIFF AND APPELLEE, *v.* MEJÍAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Murder in the Second Degree.

No. 2302.—Decided December 23, 1924.

MURDER—VOLUNTARY MANSLAUGHTER—INSTRUCTIONS TO JURY. — The court refused to give the jury the following instruction asked for by the defendant: "If the jury have any doubt about the degree of the crime, that is, whether it is murder in the second degree or voluntary manslaughter, the defendant must be given the benefit of that doubt and be found guilty of voluntary manslaughter instead of murder in the second degree." *Held:* That as the evidence clearly established murder and not voluntary manslaughter, no error was committed although the court may have erred in defining to the jury the crime of voluntary manslaughter in the absence of evidence of such a crime.

ID.—ID.—ID.—EVIDENCE.—Instructions to the jury should be applicable to and limited to the evidence adduced in the cause. It is erroneous to give instructions based on a state of facts which there is no evidence tending to prove.

The facts are stated in the opinion.

*Messrs. H. Miranda* and *J. A. Vargas* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment convicting the defendant of murder in the second degree and sentencing him to nineteen years in the penitentiary at hard labor.

The only error assigned by the appellant is the refusal of the trial court to give the following instruction to the jury:

"If the jury have any doubt about the degree of the crime, that is, whether it is murder in the second degree or voluntary manslaughter, the defendant must be given the benefit of that doubt and be found guilty of voluntary manslaughter instead of murder in the second degree."

After a careful examination of the evidence it can be said that the lower court was justified in refusing to give the said instruction. It does not appear from the evidence, either directly or indirectly, that the crime committed could be classified as manslaughter. The facts show that on the day stated in the indictment the defendant was pursuing a school-girl of about 15 years of age; that the defendant called to her insistently and she did not answer, but proceeded on her way and entered the lodge of Barceloneta into which she was followed by the defendant who immediately shot her and she fell to the floor; that after she had fallen he fired three more shots into her body, producing four wounds described as follows: One bullet entered her right temple and lodged in the brain; another entered the mastoid region and lodged in the brain; another entered the left subclavicular region and pierced the lung, and the other entered her back and lodged in the shoulder-blade. Either of the first two wounds was necessarily fatal and the physician who examined them immediately said: "Her dress was still aflame, as the shooting seems to have been from very near."

On the other hand the evidence for the defendant consisted of the testimony of a witness only about an incident wherein the deceased refused to dance at a house whose owner was celebrating the birthday of his daughter, saying that he knew from statements made to him by the defendant that she was his sweetheart.

This evidence in no manner changes the evidence for the prosecution establishing a clear murder.

The appellant maintains, however, that as the trial court instructed the jury on voluntary manslaughter, it was logical that the court should give also the instruction asked for. Yet, the instruction given by the trial judge in this connection was rather a mistake, for there was no basis in the evidence for giving the jury an instruction on voluntary manslaughter.

That matter was decided in the case of *People* v. *Lasalle,* 18 P.R.R. 410, and *People* v. *Alméstico,* 18 P.R.R. 314. In the first of these cases the Supreme Court said: "In failing to instruct the jury on the law governing the crime of murder in the second degree when the evidence shows only the commission of the crime of murder in the first degree the court does not commit error." In the second case it said: "In a case of murder in the first degree the court did not commit an error in failing to instruct the jury concerning the crime of homicide when there was nothing in the evidence tending to show that the crime could be reduced to that grade."

In Blashfield on Instructions to Juries, vol. 1, p. 194, the following is found:

"Instructions to the jury should be applicable to and limited to the evidence adduced in the cause. It is erroneous to give instructions based on a state of facts which there is no evidence tending to prove."

The only assignment of error having been disposed of

and the record not disclosing the commission of any error, the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.